■ In the Matter of BEVERLY N. BOVE, Appellant, v STATE OF NEW YORK, DEPARTMENT OF AGRICULTURE AND MARKETS, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered September 25, 1979 in Albany County which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to grant a hearing with respect to the termination of her services. Petitioner worked as a health co-ordinator with a migrant child care program, allegedly as an employee of the respondent New York State Department of Agriculture and Markets. In this article 78 proceeding she maintained her services were improperly terminated without a hearing. Since petitioner was actually paid and discharged by the New York State Federation of Growers' and Processors' Association, Inc., a nonprofit membership corporation, the thrust of her argument was to the effect that respondent so controlled the federation as to mandate a finding of employment by the State. Special Term rejected this contention and we affirm its judgment. The record conclusively demonstrates that the relationship between the federation and respondent is based on a contract. Through its commissioner, respondent executed an agreement whereby the federation undertook to operate day care centers for the children of seasonal agricultural employees. There is no indication this arrangement was designed to circumvent the constitutional provision that civil service appointments be made according to merit and fitness (cf. NY Const, art V, § 6; *Matter of Corwin v Farrell,* 303 NY 61, 66-67). Child care is not a function generally associated with the State and, in this instance, respondent was specifically authorized to enter into a contract for such services (Agriculture and Markets Law, § 16, subd 31). The agreement itself appears to be regular on its face and petitioner has not established that, in practice, the federation's performance thereof represented the concealment of an employment relationship between agents of this nonprofit organization and respondent. While she may have been more closely affiliated with

respondent's officials than others paid by the federation, the direction of some of her efforts by departmental personnel is not enough to transform her individual position into one of State employment. Accepting all of petitioner's allegations as true, it is the nature and effect of the agreement, not her particular assignment, which governs the situation (cf. *Matter of Corwin v Farrell, supra; Matter of Conlin v Aiello,* 64 AD2d 921; *Matter of Westchester County Civ. Serv. Employees Assn. v Cimino,* 58 AD2d 869, affd 44 NY2d 985). As the servant of an independent contractor, it matters not that petitioner worked at respondent's offices or followed a number of the procedures applicable to its employees. An article 78 proceeding to contest her termination would lie only if it were proven that the contract was a subterfuge and that the federation was, in actuality, the State. Her petition was insufficient in both respects and, accordingly, it was properly dismissed. Judgment affirmed, without costs. Kane, J. P., Staley, Jr., Mikoll, Casey and Herlihy, JJ., concur.